UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| REGINA TORBETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:05-CV-3-CDL |
| ) | |
| AMERICAN FAMILY LIFE ASSURANCE ) | |
| COMPANY OF COLUMBUS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## AFLAC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS

On February 14, 2005, Aflac moved the Court for an Order staying the instant proceedings due to the fact that Plaintiff's claims are subject to a mandatory arbitration agreement and, in fact, such claims are the subject of a currently pending arbitration between the parties. In response, Plaintiff opted not to challenge the incontrovertible evidence that (1) she is a party to such an agreement with Aflac and (2) the claims asserted in this action are subject to that agreement. Moreover, despite the clear mandate of the Federal Arbitration Act (the "FAA" or the "Act") that, in cases such as this, the action should be stayed unless the party applying for the stay is in default in proceeding with the arbitration, Plaintiff conceded that she "does not claim that AFLAC (sic) defaulted or waived its rights to arbitrate." (Plaintiff's Response 9)

Instead, Plaintiff appears to take the curious position that a party wishing to avoid her obligations under an agreement to arbitrate may look to both types of law – federal and state – and pick the one that is most favorable to her position. At the risk of stating the obvious – it simply does not work that way. Federal law – in this case, the FAA –

preempts conflicting provisions of state law.  Because the FAA clearly provides that this action should be stayed absent default by Aflac, and because the facts are clear and both parties are in agreement that Aflac is not in default, the action should be stayed and the parties permitted to continue to arbitrate their dispute.

      A.      <u>The FAA Applies and Requires the Instant Action To Be Stayed</u>.

In <u>Moses H. Cone Memorial Hospital v. Mercury Construction Corp.</u>, 460 U.S. 1, 24 (1983), the United States Supreme Court held that the FAA

> is a congressional declaration of a liberal federal policy favoring arbitration agreements notwithstanding any state substantive or procedural policies to the contrary.  The effect of this section is to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.

<u>See also</u> <u>State of Florida, Dept. of Ins. v. Debenture Guaranty</u>, 1996 WL 379237, *2 (M.D.Fla. 1996) ("Further, this Court expressly found that Title 9 is substantive federal law pre-empting conflicting state laws ….")  Because the arbitration agreement at issue in this case is subject to coverage of the FAA, <u>see</u> <u>Circuit City Stores, Inc. v. Adams</u>, 532 U.S. 105 (2001), we must look to the Act's provisions, and not to state law, to determine the appropriate course in this case.

As discussed in Aflac's Motion to Stay Proceedings, the FAA requires an action to be stayed if (1) the issues involved are subject to a written arbitration agreement between the parties and (2) the party applying for the stay is not in default in proceeding with the arbitration.  9 U.S.C. § 3.  Aflac demonstrated in its Motion that the claims in the instant action are clearly covered by the arbitration agreement between the parties and Plaintiff has asserted no evidence or argument to the contrary.  (Motion to Stay Proceedings 4)  Moreover, there is no disagreement between the parties over the issue of

default.  Aflac clearly demonstrated in its Motion to Stay Proceedings that it has neither acted inconsistently with is right to arbitrate this dispute, nor has it prejudiced Plaintiff in any way.  (Motion to Stay 5-7)  Importantly, as noted above, Plaintiff does not disagree.  Again, Plaintiff made clear in her response that she "does not claim that AFLAC (sic) defaulted or waived its rights to arbitrate."  (Plaintiff's Response 9)  Because the FAA's requirements for a stay have undeniably been met, the Act's clear directives require the action to be stayed and the matter compelled to arbitration.

  B.  <u>Plaintiff's Proposed Remedy is Improper</u>.

  Even if Georgia law were to apply in this instance as Plaintiff suggests, the remedy of recission would be improper.  As Georgia Courts construing O.C.G.A. § 13-4-62 make clear, the remedy of recission for nonperformance is appropriate only "when the breach is so substantial and fundamental as to defeat the object of the contract."  <u>Lanier Home Center, Inc. v. Underwood</u>, 252 Ga.App. 745, 79 (2001).  Stated another way, a breach which is "incidental and subordinate to the main purpose of the contract, and which may be compensated in damages, does not warrant a recission or termination…."  <u>Mayor and City of Douglasville v. Hildebrand</u>, 175 Ga.App. 434, 436 (1985) (internal citations omitted).  Certainly a short delay in responding to Plaintiff's Request for Arbitration cannot be considered "so substantial and fundamental" that it would completely nullify the parties' clear intentions to arbitrate this dispute.  Plaintiff's argument to the contrary – that Aflac's failure to respond to Plaintiff's Request for Arbitration within thirty days "breached its obligations under the Agreement and the Procedures in the most fundamental and material of ways" (Plaintiff's Reply 4) – is unsupported by either case law or logic.

- 4 -

C.     <u>Conclusion</u>.

Aflac did not, as Plaintiff would have the Court believe, stonewall Plaintiff at every turn.  Rather, immediately upon receiving indication that Plaintiff wished to initiate arbitration, Aflac provided Plaintiff with its Request for Arbitration form along with specific instructions regarding how to proceed with arbitration under Aflac's arbitration procedures.  Then, upon receipt by Plaintiff of her Request for Arbitration, Aflac submitted its arbitration fee to JAMS while simultaneously exploring the possibility of an informal resolution of the dispute through the EEOC mediation process.  Although there was a slight delay in submitting its Answer and Defenses due to the out-of-the-ordinary circumstances surrounding the unexpected departure of the attorney charged with handling the arbitration on Aflac's behalf, Aflac did in fact submit its Answer and Defenses to Plaintiff's Request for Arbitration and did so well before the instant action was filed.  Written discovery was served shortly thereafter and dates when Plaintiff can be made available for deposition have been requested.  The clear mandate of the FAA and the overwhelming case law interpreting the Act's provisions dictate that the instant action should be stayed and the parties permitted to arbitrate their dispute.

- 5 -

Respectfully submitted this 24th day of March, 2005.

                ALSTON & BIRD LLP

                s/ R. Steve Ensor_____

                R. Steve Ensor
                Georgia Bar No. 249360
                Ashley D. Brightwell
                Georgia Bar No. 207459

1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone:  (404) 881-7000
Facsimile:  (404) 881-7777

                ATTORNEYS FOR AFLAC

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| REGINA TORBETT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)     4:05-CV-3-CDL<br>AMERICAN FAMILY LIFE ASSURANCE )<br>COMPANY OF COLUMBUS, )<br>)<br>Defendant. )<br>_____ ) | |

CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the within and foregoing AFLAC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS by depositing a true and correct copy of same in the United States Mail with adequate First Class postage affixed thereon, addressed as follows:

> W. Edwin Litton
> W. Edwin Litton, LLC
> One Alliance Center
> 3500 Lenox Road
> Suite 1500
> Atlanta, Georgia  30326

This 24th day of March, 2005.

s/ R. Steve Ensor